UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| WILLIAM T. JONES, an individual, and<br>MARK A. SKINNER, an individual, | Case No.: 3-11-cv-01216-HA |
| Plaintiffs, | ORDER |
| v. | |
| ODYSSEY-GERONIMO JV, | |
| Defendant. | |

HAGGERTY, District Judge:

Plaintiffs filed this action in October of 2011 against defendant alleging employment discrimination and violation of Oregon's employment statutes. Shortly thereafter, plaintiffs' counsel moved to withdraw based on a conflict that was not subject to waiver. This court permitted counsel to withdraw, and sent a copy of the Order to plaintiffs at their individual addresses. As part of its Order, this court stated that plaintiffs would be proceeding *pro se* unless new counsel appeared on their behalf. Since that time, plaintiffs have not obtained new counsel, sent any communication to the court, or attempted to serve defendant.

By Order issued August 2, 2012, and mailed to plaintiffs' home addresses, plaintiffs were ordered to show cause in writing why this action should not be dismissed for lack of prosecution. One of the letters came back as undeliverable, so the court sent a copy of the Order to the new

1 -- ORDER

address listed for one of the *pro se* plaintiffs. The court also extended the time for plaintiffs to respond to the order to show cause. The deadline for responding to the court's Order has since expired, and plaintiffs have failed to serve defendant or otherwise respond to any of the court's requests.

A district court may dismiss an action for failure to comply with any order of the court. Fed. R. Civ. P. 41(b); *Ferdikv v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *see also Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (noting that district courts have an inherent power *sua sponte* to dismiss a case for lack of prosecution). In determining whether to dismiss an action for lack of prosecution, the court is required to weigh several factors: (1) the public's interest in the expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at 1423.

Here, despite explicit instructions from the court, plaintiffs have failed to prosecute this action in a timely fashion. After weighing the factors enumerated above, the court is compelled to dismiss this case.

IT IS SO ORDERED.

DATED this 6 day of September, 2012.

Ancer L. Haggerty
United States District Judge

2 -- ORDER